UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESSICA A. SCHUCHARDT,**

    Plaintiff,

vs.                                                                                    **CASE NO.**

**THE CITY OF NEW SMYRNA BEACH, FLORIDA**,
a political subdivision of the State of Florida,

    Defendants.

_____/

**<u>VERIFIED COMPLAINT FOR DAMAGES WITH REQUEST FOR
EQUITABLE RELIEF AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, JESSICA A. SCHUCHARDT, ("SCHUCHARDT"), by and through her undersigned counsel, hereby sues Defendant, THE CITY OF NEW SMYRNA BEACH, FLORIDA ("CITY"), and alleges:

**<u>INTRODUCTION</u>**

1.    This is a four count complaint seeking redress for violations of: (a) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII") (Count I); (b) a claim under the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983, due to the deprivation of SCHUCHARDT's public name and reputation as protected by the Fifth and Fourteenth Amendments to the United States Constitution (Count III); (c) a claim under 18 U.S.C. § 2511 (part of the Electronic Communications Privacy Act ("ECPA"), also known as the "Wiretap Act"; and (d) a claim for invasion of SCHUCHARDT's privacy as protected by Article I, Section 23 of the Florida Constitution by virtue of an unauthorized release of her private text

messages without a warrant, and also her protected health information, and with each count seeking damages in excess of $75,000, exclusive of interest, costs, equitable relief, attorney's fees and court costs.

## JURISDICTION, VENUE, AND PARTIES

2.      This court has jurisdiction over Counts I through III herein pursuant to 28 U.S.C. §§1331 and 1343, and supplemental jurisdiction over the claim asserted in Count IV, pursuant to 28 U.S.C. § 1367, because those claims form a part of the same case or controversy.

3.      This Court is vested with jurisdiction to order an injunction, award front pay, back pay, order reinstatement, or provide any other equitable relief as may be proper, as well as awarding compensatory damages, attorney's fees and court costs, expenses, pre-judgment and post-judgment interest, and any other legal and/or equitable relief deemed appropriate by this Court.

4.      Venue is proper in this Court because the CITY maintains offices, does business, and is located within New Smyrna Beach, Volusia County, Florida.

5.      In addition, venue is appropriate within this Federal District and Division because the injury was sustained, and the conduct and cause of action which gives rise to the instant suit occurred within New Smyrna, Volusia County, Florida. Venue is therefore proper within this Court, pursuant to 28 U.S.C. §1391(b).

6.      Plaintiff SCHUCHARDT is an adult female and is a "person" entitled to bring such action, pursuant to 42 U.S.C. §§1981 and 1983.

7.      Defendant CITY is a municipal subdivision of the State of Florida established and authorized to exist pursuant to Article VIII, Section 2 of the Constitution of the State of Florida and situated within the jurisdiction of this Court.

8.      At all times material hereto, SCHUCHARDT served as an employee of the CITY, specifically, an employee within the CITY's Police Department ("NSBPD"); and was and is a "complaining party" as defined under to 42 U.S.C. §1981(d)(1)(A).

9.      At all times material hereto, Eric Feldman ("Chief Feldman"), was and is an adult male who held the position of Chief of Police for Defendant CITY (the NSBPD).

10.     Defendant CITY is a public entity and a "respondent" within the meaning of 42 U. S. C. §1981(a)(1), respectively.

11.     Further, CITY was and is an "employer" and an entity subject to liability under 42 U.S.C. §§1981 and 1983; and a "person" entity subject to liability under 18 U.S. Code § 2511(1), respectively.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

12.     Plaintiff SCHUCHARDT timely filed a Charge of Discrimination  ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on November 6, 2024, alleging discrimination based on Plaintiff's sex/gender. A copy of the Charge is attached hereto as **Exhibit "A"**.

13.     The EEOC acknowledged that it was "unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed…[and, as a result], [t]he EEOC is terminating its processing of this charge."

14.    As a result, the EEOC issued its Dismissal of Charge and "Notice of Your Right to Sue" on or about May 20, 2025, a copy of which is attached as **Exhibit "B"** hereto.

15.    Accordingly, SCHUCHARDT has satisfied all administrative prerequisites and all conditions precedent prior to the timely filing of this action, pursuant to the EEOC.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

16.    SCHUCHARDT began her employment with CITY, specifically, the CITY's Police Department ("NSBPD"), in March 2021.

17.    After SCHUCHARDT went through the police academy, she began working as a Patrol Officer on or about August 16, 2021.

18.    During her brief employment within the CITY, SCHUCHARDT worked under several supervisors, the last being former Sergeant Robert Claudio ("former Sergeant Claudio").

19.    While with the NSBPD, SCHUCHARDT satisfactorily performed her duties and was not the subject of any prior discipline.

20.    The circumstances that give rise to the instant claims commenced on March 5, 2024, when NSBPD officers were summoned to SCHUCHARDT's residence due to a domestic violence allegation by her now former fiancé, Aaron Pace ("Mr. Pace"). \[1]

21.    NSBPD Captain, Richard Kirkland ("Captain Kirkland"), the highest ranking officer on the scene and a member of the command staff, also became involved in the matter.

22.    SCHUCHARDT was placed on administrative leave pending the outcome of the investigation.

---

[1]  Notably, the allegation was made by Mr. Pace despite him being a certified physical trainer, and larger and stronger than SCHUCHARDT.

4

23.     Beginning March 5, 2024 and continuing through her date of separation from the CITY, through the NSBPD, mishandled evidence and the internal  investigation against SCHUCHARDT.

24.      Specifically, several members of the NSBPD command staff gained unauthorized access to, and then utilized, text messages between SCHUCHARDT and former Sergeant Claudio against both of them without authorization.

25.     In fact, in an on camera (via Axon) interview of Mr. Pace by Captain Jason Reve ("Captain Reve"), Mr. Pace unequivocally admitted under oath that he was <u>not</u> authorized to use or open SCHUCHARDT's cell phone; that he was not an authorized user of the phone; and that he and SCHUCHARDT were not even on the same service plan.

26.     Mr. Pace later submitted a sworn statement attesting to the fact that he did not have the authority to access SCHUCHARDT's cell phone.

27.     Nonetheless, despite being informed and fully aware of such admission by Mr. Pace, following Mr. Pace posting the text messages on social media and "tagging" the NSBPD, Captain Kirkland ordered Sergeant Ralph Hunnefeld ("Sergeant Hunnefield") and Detective Jordan Ishikawa ("Detective Ishikawa") to request and obtain the text messages from Mr. Pace.

28.     Captain Kirkland, Sergeant Hunnefeld and Detective Ishikawa knowingly secured the unlawfully intercepted text messages under color of their legal authority as police officers on behalf of the CITY.

29.     Predictably, Mr. Pace complied and produced the text messages to the NSBPD.

30.     Notably, the NSBPD was placed on notice that the text messages were unlawfully intercepted and yet, disclosed them multiple times, despite the CITY (through the NSBPD) being

aware that such was a violation of Florida law, namely, §§934.03(1)(a), (c) and (d), and 934.06, Florida Statutes, to intercept, and then disclose or use "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception…".

31.    Similarly, on March 18, 2024, former Sergeant Claudio's wife submitted a sworn Citizen Complaint to Chief Feldman over the use of the unlawfully obtained text messages.

32.    Chief Feldman summarily rejected it that same day and refused to conduct an investigation.

33.    Upon information and belief, no search warrant was ever applied for, nor obtained, to access SCHUCHARDT's personal cell phone.

34.    Upon being asked, the CITY's Assistant City Attorney, Shey McCurdy ("Assistant City Attorney McCurdy") refused to even respond whether a subpoena was sought to retrieve SCHUCHARDT's private text messages.

35.     The International Union of Police Associations (I.U.P.A. or "the Union"), on behalf of SCHUCHARDT and former Sergeant Claudio, attempted to get an answer from the CITY on whether they intended to use the text messages in the internal IA investigations.

36.    However, the CITY refused to provide an answer, subsequently preventing the Union's Attorney, Bryan Lambert, from filing a writ of prohibition.

37.    Moreover, Assistant City Attorney McCurdy wrote in an email on August 16, 2024 that the CITY would release SCHUCHARDT's private text messages on August 23, 2024 (which it did); despite the fact that she knew or should have known that they had been unlawfully acquired, and without a search warrant.

38.     The foregoing was also despite the fact that Chief Feldman and knew or should have known that the unlawful disclosure of intercepted wire communications is listed as a moral character violation, and thereby a subject of a **required** investigative interview under Florida Department of Law Enforcement ("FDLE") standards and guidelines as a moral character violation as defined in Rule 11B-27.0011 (4)(b)1., F.A.C.

39.     Moreover, the investigation and misappropriation and use of SCHUCHARDT's illegally obtained text messages were also contrary to section 7.1.33 of the NSBPD's Policy and Procedure Directives, and also against Florida statutory law.

40.     Despite such legal authority and being fully aware of the foregoing sworn admission by Mr. Pace of no authorization to access the text messages, remarkably, the NSBPD then used the text messages against SCHUCHARDT to initiate two Internal Affairs ("IA") investigations against SCHUCHARDT, IA-2024-003 (for the alleged inappropriate sexual relationship with Sergeant Claudio); and IA-2024-004 (regarding the arrest for alleged domestic violence).

41.     During the outset of the investigative interview on June 17, 2024, as required by statute, SCHUCHARDT together with her International Union of Polic Associations (I.U.P.A.) Union representative, Kyle Totten ("Representative Totten") present, placed the assigned investigator, Captain Kirkland, on notice of an alleged violation of her rights under §§112.531, et. seq., Florida Statutes, the Law Enforcement Officers' Bill of Rights ("LEO BOR").

42.     Representative Totten and SCHUCHARDT articulated that she was not only under prescribed mediation as of the date of the interview, but also enumerated the alleged

violations as required under §112.534(1)(a), as set forth at pages 7 and 8 of the now completed and released IA "Report of Investigation" (Report #: IA 2024-004).

43.     Rather than cease the June 17th interrogation, Captain Kirkland took a break and returned to simply report that Chief Feldman had denied the request for a compliance hearing.

44.     Captain Kirkland then self-servingly declared how "each perceived issue was cured" by him (which he did not; most notably, the use of the illegally obtained text messages).

45.     On June 19, 2024, SCHUCHARDT also articulated to Captain Reve that she was still under prescribed mediation as of the date of the interview, and also enumerated the alleged violations as required under §112.534(1)(a), as set forth at pages 16 and 17 of the completed and released IA "Report of Investigation" (Report #: IA 2024-003).

46.     Representative Totten timely followed with a letter on behalf of SCHUCHARDT to Chief Feldman requesting a compliance review hearing on June 19, 2024, as statutorily permitted under the LEO BOR.

47.     Chief Feldman replied on June 24, 2024, that he had determined that "a compliance review panel is unnecessary and will not be convened."

48.     Chief Feldman clearly knew or should have known that he had no authority to determine the merits of the alleged violations of the LEO BOR and rejected the request for a compliance review hearing.

49.     Nonetheless, Chief Feldman summarily denied the request for a hearing to determine the merits of the alleged violations of SCHUCHARDT's rights under the LEO BOR.

50.    Assistant City Attorney McCurdy was included on the email reply from Chief Feldman to Representative Totten and thereby clearly acquiesced in the denial of SCHUCHARDT's statutorily permitted compliance review hearing under the LEO BOR.

51.    Predictably, the CITY (through the NSBPD) proceeded to sustain findings against SCHUCHARDT for several alleged NSBPD policy violations through the IA investigations.

52.    The sustained allegations included a charge  of "[immoral, unlawful, or improper conduct… or indecency either in or off the job…" (in both investigations), but which was not specifically described; as well as "[w]illful neglect in the performance of duties" in the alleged inappropriate relationship investigation. (IA 2024-003).

53.    Notably, there was not an allegation against SCHUCHARDT for a purported violation of a fraternization policy by the NSBPD, nor a copy of such provided, if such existed; and, there were no charges of sexual harassment by or against SCHUCHARDT, Sergeant Claudio, or the CITY (NSBPD).

54.    In addition, the text messages described explicit sexual conduct (no photos or images), **but which, in fact, never occurred.**  Rather, it was merely sexual banter (i.e., sexting).

55.    The text messages used by the NSBPD to sustain the charges were purely private communications between consenting adults.

56.    SCHUCHARDT filed her own internal complaint with the CITY (through the NSBPD) to pursue charges against Mr. Pace for invading her privacy and accessing/intercepting her text messages on her private phone and submitting them to the NSBPD.

57.     SCHUCHARDT's complaint was ignored and the CITY failed to conduct any investigation into whether SCHUCHARDT was a victim of a violation of §§934.03(1)(a), (c)

and (d), and 934.06, 934.215, 815.06, Florida Statutes, or any other applicable law(s), e.g., the Electronic Communications Privacy Act ("ECPA") of 1986, or "Wiretap Act."

58.    On or about August 8, 2024, it was brought to the attention of the notary public subordinate employee within the NSBPD that Captain Kirkland and Chief Feldman had apparently signed the IA Report # IA 2024-004 on or about July 30, 2024, but without being sworn to under oath as required by §§112.533(4)(a) and 92.525, Florida Statutes.

59.    Remarkably, after being asked by the notary within the NSBPD if the report should be reprinted so it could be executed legally under §§112.533(4)(a) and 92.525, Florida Statutes, Captain Kirkland instructed the notary public subordinate employee to proceed with signing the report anyway, and thereby instructed the employee to backdate the report to July 30, 2024, to coincide with Captain Kirland and Chief Feldman's signatures; in apparent violation of §117.05, Florida Statutes.

60.    Feeling that she had no other options following the denial of her rights under the LEO BOR and being humiliated by the CITY's unauthorized (and apparently, illegal confiscation and publication of her private text messages from her private cell phone), which included highly stigmatizing private text messages, SCHUCHARDT felt no other recourse but to resign; which, in reality, was a constructive termination.

61.    The State Attorney's Office for the Seventh Judicial Circuit, presumably seeing the lack of credibility/believability to the allegation by Mr. Pace and the likelihood of obtaining a conviction, essentially dropped the charge by entering into a Deferred Prosecution Agreement ("DPA") with SCHUCHARDT in July, 2024.

62.     A notice of successful completion of the DPA and entry of a Nolle Prosse by the State Attorney's Office followed just one week later, on July 16, 2024.

## COUNT I

## VIOLATION OF TITLE VII BASED ON SEX/GENDER DISCRIMINATION

63.     This is an action for unlawful sex/gender discrimination by Plaintiff SCHUCHARDT, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991,  42 U.S.C. §1981a (collectively, "Title VII").

64.     This count is pled cumulatively and in the alternative to Counts II through IV. Accordingly, SCHUCHARDT  hereby readopts, realleges and incorporates paragraphs 1 through 62, and 81  through 112, as set forth more fully herein.

65.     SCHUCHARDT was subjected to discrimination on the basis of her sex/gender (female) by virtue of disparate treatment as compared to at least one, and possibly several of her male peers.

66.     By way of a single example, and upon information and belief discovery will reveal other examples, Captain Kirkland (male) -- the very same investigator who sustained allegations against SCHUCHARDT in  IA-2024-004), asked in the past to see a photo of former Sergeant Claudio's wife in yoga pants.

67.     No disciplinary action was taken against him, however, with Chief Feldman claiming that the request to see a fellow officer's wife in a certain type of clothing to be merely "subjective."

68.     Upon information and belief, male members of the upper administration of the NSBPD,  made derogatory comments about SCHUCHARDT, including her private sex life; with no such similar comments made about male officers.

69.     In addition, through evidence consisting of lawsuits filed by former CITY employee Melissa Smith ("Ms. Smith"), as well as complaints of sex/gender discrimination by SCHUCHARDT and other female CITY employees, the CITY has exhibited a history of disparate treatment of female employees than their male peers in terms of complaints being ignored, being improperly investigated, and/or unlawfully used against them.

70.     The actions of Chief Feldman and his agents as described herein including, but not limited to, those set forth in paragraphs 65 through 69, constitute discrimination against Plaintiff based upon her sex.

71.     SCHUCHARDT was subjected to disparate treatment on the basis of her sex, as compared to her male peers.

72.     By discriminating in such fashion against SCHUCHARDT as set forth herein, the CITY violated 42 U.S.C.§ 2000e-2(a)(2), which makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin." (Emphasis added).

73.     No legitimate business reasons existed under Defendant CITY's  policies, past practices, procedures and/or supervisory instructions to justify the hostile work environment and disparate treatment by the CITY as afforded  to her male peers, as set forth in paragraphs 59 and 60 herein.

74.     The conduct complained of herein was taken under color of the laws of the State of Florida and the United States.

75.     The CITY's agents, managers, officers and/or directors actively and knowingly participated in the discriminatory personnel action against SCHUCHARDT because of her sex, in violation of her civil rights under Title VII.

76.      The CITY's agents, managers, officers and/or directors possessed constructive and/or actual knowledge of the wrongfulness of their conduct and the high probability that injury or damage to SCHUCHARDT would result in, and/or acted with such reckless disregard or absence of, reasonable care to constitute a conscious disregard or indifference to the rights of SCHUCHARDT, and/or acted with such gross indifference that they contributed to SCHUCHARDT's damages, injuries and losses.

77.     Because of the foregoing, SCHUCHARDT's constructive termination was a pretext for discrimination and contrary to the very policies adopted by the NSBPD and the CITY in terms of its non-discrimination policies and  progressive discipline.

78.     As a direct and proximate result of the discrimination complained of herein, Plaintiff SCHUCHARDT has suffered and continues to suffer financial damage and loss, including lost wages and benefits as a result of her involuntary termination in the form of a constructive discharge.

79.     Plaintiff SCHUCHARDT  has also incurred damage and loss to her career path and future earnings, further career opportunities, in addition to other economic and non-economic losses.

80.     As a direct and proximate result of the discrimination complained of in this action, SCHUCHARDT has also suffered mental anguish, stress, humiliation, and emotional distress.

81.     SCHUCHARDT has retained the undersigned counsel and is obligated to pay for said services.

82.     If she prevails, SCHUCHARDT is entitled to and seeks an award of attorney's fees for bringing this action as part of her costs, pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff SCHUCHARDT demands judgment against Defendant CITY for, as follows:

(a).    Full and complete back pay and benefits, including all sums of money Plaintiff would have earned had she not been involuntarily terminated, less interim earnings, through the date of trial in this matter;

(b).    Pre-judgment interest on any sum awarded under (a);

(c).    Compensatory damages for emotional anguish, pain and suffering;

(d).    Reinstatement to her former position, or front pay in lieu of reinstatement;

(e).    Her reasonable attorney's fee and costs, if she prevails in this matter; and

(f).    Such other relief as this Court deems just and equitable.

## COUNT II

### DEPRIVATION OF LIBERTY INTEREST

83.     This is a claim for the deprivation by Defendant CITY of SCHUCHARDT's public and occupational name and reputation, as protected by the Fifth and Fourteenth Amendments to the United States Constitution, brought pursuant to 42 U.S.C. §1983.

84. This count is pled cumulatively and in the alternative to Counts I, III and IV. Accordingly, SCHUCHARDT hereby readopts, realleges and incorporates paragraphs 1 through 82, and 93 through 112, as set forth more fully herein.

85. The conduct complained of herein, including paragraphs 23 – 60 herein, was taken under color of the laws of the State of Florida and the United States.

86. The persons who engaged in the conduct of which SCHUCHARDT complains, i.e. Captain Kirkland, Captain Reve, Sergeant Hunnefeld, Detective Ishikawa, Chief Feldman and Assistant City Attorney McCurdy, and perhaps others who are unknown at this time, were of such position and authority so that their acts may fairly be said to constitute the official expression of the CITY's custom, policy or usage

87. At all times material hereto, and prior to the conduct complained of herein, SCHUCHARDT possessed a property interest in her good name and reputation in her law enforcement career with the CITY and was recognized as someone who was competent in the performance of her duties.

88. The CITY constructively terminated SCHUCHARDT for NSBPD policy violations, including a charge of "[immoral, unlawful, or improper conduct or indecency either in or off the job…" (in both investigations); as well as "[w]illful neglect in the performance of duties" in the alleged inappropriate relationship investigation (based on the unlawfully obtained text messages), but for which all of the charges were not specifically described.

89. The allegations were placed in SCHUCHARDT's personnel file and in records submitted to the Florida Department of Law Enforcement ("FDLE'"), a matter of public record.

90.     Based on the foregoing, the CITY, through Chief Feldman, and possibly Assistant City Attorney McCurdy and perhaps others who are unknown at this time, have falsely stigmatized SCHUCHARDT.

91.     The laws prohibiting falsely accusing a public servant, such as SCHUCHARDT, with stigmatizing allegations such as insubordination and neglect of duty is clearly established.

92.     The false and stigmatizing documents made a matter of public information have caused damage to SCHUCHARDT and have and will likely continue to impair her ability to gain employment within her chosen career field of law enforcement.

**WHEREFORE**, Plaintiff SCHUCHARDT demands judgment against Defendant CITY for, as follows:

(a).     Full and complete back pay and benefits, including all sums of money Plaintiff would have earned had she not been involuntarily terminated, less interim earnings, through the date of trial in this matter;

(b).     Pre-judgment interest on any sum awarded under (a);

(c).     Compensatory damages for emotional anguish, pain and suffering;

(d).     Reinstatement to her former position, or front pay in lieu of reinstatement;

(e).     Her reasonable attorney's fee and costs, to the extent warranted and recoverable;

(f).     A Final Order be entered directing that all negative comments, and any alleged deficiencies against SCHUCHARDT's performance or actions and forming a matter of public record, be expunged, or declared to have been

improperly issued, to the extent that such exist and as permissible by Florida and/or Federal law; and

(g).    Such other relief as this Court deems just and equitable.

## COUNT III

### VIOLATION OF 18 U.S.C. § 2511 (the ECPA -- "WIRETAP ACT")

93.    This is a claim for a claim for invasion of SCHUCHARDT's privacy as protected by 18 U.S.C. § 2511, the Electronic Communications Privacy Act and the Stored Wire Electronic Communications Act, commonly referred together as the Electronic Communications Privacy Act ("ECPA") of 1986, or "Wiretap Act," by the CITY of her private cell phone text messages.

94.    This count is pled cumulatively and in the alternative to Counts I, II and IV. Accordingly, SCHUCHARDT hereby readopts, realleges and incorporates paragraphs 1 through 92, and 103 through 112, as set forth more fully herein.

95.    As the CITY (and the NSBPD) know, 18 U.S. Code § 2511, titled "Interception and disclosure of wire, oral, or electronic communications prohibited." In relevant part, it states:

> (1) Except as otherwise specifically provided in this chapter any person who—
>
>> (c) **Intentionally discloses**, **or endeavors to disclose,** to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection;
>>
>> (d) **Intentionally uses, or endeavors to use,** the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection.

(Emphasis added).

17

96.     The conduct complained of herein was taken under color of the laws of the State of Florida and the United States.

97.     The actions of Chief Feldman, his subordinate officers, and Assistant City Attorney McCurdy, as described herein including, but not limited to, those set forth in paragraphs 23 through 60, violated the ECPA/Wiretap Act against SCHUCHARDT.

98.     The CITY, through the NSBPD, intentionally used Mr. Pace to acquire SCHUCHARDT's private text messages without SCHUCHARDT's permission to pursue criminal and administrative charges against her (SCHUCHARDT), which also led to her constructive termination with the CITY.

99.     The CITY also acquired SCHUCHARDT's private text messages despite being aware that Mr. Pace had acknowledged under oath that he was <u>not</u> authorized to use or open SCHUCHARDT's cell phone, and that he was not an authorized user of the phone.

100.    As set forth in paragraph 33, upon information and belief, no search warrant was ever applied for, nor obtained, to access SCHUCHARDT's personal cell phone.

101.    Further, with the approval of Assistant City Attorney McCurdy, the CITY published the illegally obtained private text messages of SCHUCHARDT in a records request.

102.    Due to the foregoing actions, the CITY intentionally brought shame, embarrassment and public humiliation to SCHUCHARDT, and potentially permanently damaged her chosen career path of law enforcement.

**WHEREFORE**, Plaintiff SCHUCHARDT demands judgment against Defendant CITY for, as follows:

(a).    Any and all damages to which she is entitled under 18 U.S. Code § 2520;

(b).    Any and all preliminary and other equitable or declaratory relief to which she is deemed entitled under 18 U.S. Code § 2520;

(c).    A Final Order be entered directing that all negative comments, and any alleged deficiencies against SCHUCHARDT's performance or actions and forming a matter of public record, be expunged, or declared to have been improperly issued, to the extent that such exist and as permissible by Florida and/or Federal law;

(d).    Recovery of her reasonable attorney's fee and other litigation costs reasonably incurred; and

(e).    Such other relief as this Court deems just and equitable.

<h3 style="text-align:center">COUNT IV</h3>

<h3 style="text-align:center">VIOLATION OF RIGHT TO PRIVACY UNDER FLORIDA CONSTITUION</h3>

103.    This is a claim for a claim for invasion of SCHUCHARDT's  privacy as protected by Article I, Section 23 of the Florida Constitution by virtue of an unauthorized release by the CITY of her protected health information violation.

104.    This count is pled cumulatively and in the alternative to Counts I through III.

105.    Accordingly, SCHUCHARDT hereby readopts, realleges and incorporates paragraphs 1 through 102, as set forth more fully herein.

106.    Article I, Section 23 of the Florida Constitution provides: "Right of privacy. — Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."

107.    As set forth earlier herein in paragraphs 23 through 60, the CITY, through the NSBPD's upper administration during the course of the IA investigations against SCHUCHARDT, allegedly acquired, accessed and divulged her private text messages from her personal cell phone.

108.    In addition, upon information and belief, the CITY, through the NSBPD's upper administration and perhaps others who are still unknown at this time,  also openly discussed her SCHUCHARDT's confidential medical information, namely, her pre employment psychological evaluation as part of her police fitness test, and made derogatory comments concerning her previous relationship with an older male.

109.    Upon information and belief, such discussions occurred with persons within and throughout the CITY without a legitimate need to know.

110.    SCHUCHARDT had not granted authorization to anyone within the CITY, to divulge such information.

111.    Furthermore, the information was released or divulged without her prior knowledge or consent.

112.    SCHUCHARDT has suffered direct pecuniary losses as well as pain and suffering and emotional distress as a result of the CITY's  above-described violations of the law.

**WHEREFORE,** Plaintiff SCHUCHARDT demands judgment against Defendant CITY for, as follows:

(a).    Compensatory damages for emotional anguish, pain and suffering;

(b).     Recovery of her reasonable attorney's fee and other litigation costs reasonably incurred; and

(c).    Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff, JESSICA A. SCHUCHARDT, hereby respectfully demands trial by jury on all issues and counts triable as of right before a jury.

Dated this **___** day of July, 2025.

Respectfully submitted,

_____
Gary D. Wilson, Esq.
Florida Bar No.: 0846406
**WILSON McCOY, P.A.**
932 N. Maitland Ave.
Maitland, Florida  32751
Telephone:  (407) 803-5400
Facsimile:   (407) 803-4617
Primary email: gwilson@wilsonmccoylaw.com
Secondary email: rlopez@wilsonmccoylaw.com

**Attorneys for Plaintiff, Jesscia A. Schuchardt**



| EEOC Form 5 (11/09) | | | |
|---|---|---|---|

### CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **510-2025-01340** |

Florida Commission on Human Relations _____ and EEOC

*State or local Agency, if any*

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Jessica Schuchardt    (*Exempt per 119.071(4)(d)2.a.) - My counsel, Gary Wilson, Esq.'s # | (407) 803-5400 | 05/22/1993 |

| Street Address | City, State and ZIP Code |
|---|---|
| *Exempt -    c/o Wilson McCoy, P.A., 932 N. Maitland Ave., Maitland, FL 32751 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two are named, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| City of New Smyrna Beach (Police Department) | 50+ | (386) 424-2220 |

| Street Address | City, State and ZIP Code |
|---|---|
| 246 Industrial Park Ave. | New Smyrna Beach, FL 32168 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN

☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Mar 5, 2024    Latest: Jun 28, 2024

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. Personal Harm: On June 28, 2024, I felt no other choice but to resign from my position as a police officer for the City of New Smyrna Beach Police Department ("City" or "NSBPD") due to the discriminatory and unlawful actions taken against me. I had been employed with the City since March 2021.

II. Respondent's Reason for Adverse Action: Unknown.

III. Discrimination Statement: I believe that I was the subject of discrimination due to my sex/gender (female) based upon the following: (1) By way of background, on March 5, 2024, NSBPD officers were summoned to my residence due to a domestic violence allegation by my now former fiancé, Aaron Pace. This allegation was made by Mr. Pace despite being a certified physical trainer, and larger and stronger than me. Of note, Captain Richard Kirkland, the highest ranking on the scene, and a member of the command staff also proceeded to become involved in the matter. I was placed on administrative leave pending the outcome of the investigation. The State, presumably seeing the lack of credibility/believability to the allegation by Mr. Pace and the likelihood of obtaining a conviction, essentially dropped the charge by entering into a Deferred Prosecution Agreement ("DPA") with me. However, the handling (actually, the mishandling) of the internal affairs investigation against me and the discrimination I endured, is what has led to the filing of this Charge. Specifically, several members of the NSBPD command staff gained unauthorized access to, and then utilized, text messages between myself and former Sergeant Robert Claudio. The text messages were improperly obtained and then used against me. I can state the foregoing as fact based upon the on camera (via Axon) interview of Mr. Pace by Captain Jason Reve. In that interview, Mr. Pace unequivocally admitted that he was not authorized to use or open my phone; that he was not an authorized user of my phone; and that we were not even on the same service plan. Nonetheless, despite being informed and fully aware of such admission by Mr. Pace, following Mr. Pace posting the text messages on social media and "tagging" the NSBPD, Captain Kirkland ordered Sergeant Ralph Hunnefeld to request and obtain the text messages from Mr. Pace. In other words, Captain Kirkland and Sergeant Hunnefeld secured the

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State or Local Agency Requirements |
|---|---|
| | |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 11 / 06 / 2024 _____    _[signature]_ | |
| Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | |

| Florida Commission on Human Relations | and EEOC |
|---|---|

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

(cont'd)

knowingly unlawfully intercepted text messages under color of their legal authority as police officers on behalf of the City. Mr. Pace complied and produced the text messages to the NSBPD. A public records request has been outstanding for some time to determine if a search warrant was ever applied for to access my phone. To date, no confirmation or denial of whether a warrant was applied for or issued has been provided to me or my Union representative. Moreover, and wrongly, the NSBPD then used the text messages against me and sustained findings against me for several alleged Department policy violations following an internal affairs investigation. The sustained allegations included a charge of "[immoral, unlawful, or improper conduct…" that was not specifically described. It should be noted that there was not an allegation of a violation of a fraternization policy by the NSBPD, nor a copy of such provided, if it exists. Further, this did not involve a charge of sexual harassment. The text messages used by the Department sustain the charges were purely private communications between consenting adults. The investigation and misappropriation and use of my illegally obtained text messages were contrary to the NSBPD's Policy and Procedure Directives, but also against Florida statutory law. Notably, the NSBPD has been on notice that the text messages were unlawfully intercepted and yet, disclosed them multiple times. During the outset of the investigative interview on June 17, 2024, as required by statute to do, I, together with my Union representative, Kyle Totten, placed the assigned investigator, Captain Kirkland, on notice of an alleged violation of my rights under §§112.531, et. seq., Florida Statutes, the Law Enforcement Officers' Bill of Rights ("LEO BOR"). Representative Totten and I articulated and enumerated the alleged violations as required under the LEO BOR. Rather than end the interrogation, Captain Kirkland took a break and returned to simply report that Police Chief Eric Feldman had denied a compliance review hearing. Captain Kirkland self-servingly declared that he had cured each of the alleged violations (which he did not; most notably, the use of the illegally obtained text messages). Notwithstanding that Chief Feldman had no authority to determine the merits of the alleged violations of the LEO BOR, he simply denied the request for a hearing to determine the merits of the allegations altogether.

Similarly, former Sergeant Claudio's wife submitted a sworn Citizen Complaint to Chief Feldman on March 18, 2024, over the use of the unlawfully obtained text messages. Chief Feldman summarily rejected it that same day and refused to conduct an investigation. This was despite the fact that Chief Feldman knew or should have known that the unlawful disclosure of intercepted wire communications is listed as a moral character violation, and thereby a subject of a required investigative interview under Florida Department of Law Enforcement ("FDLE") standards and guidelines as a moral character violation. Feeling that I had no other options and following the denial of my rights under the LEO BOR and being humiliated, I felt no other recourse but to resign, which, in reality, was a constructive termination.

(2) I contend that I was subjected to discrimination on the basis of my sex/gender by virtue of disparate treatment as compared to at least one, and possibly several of my male peers. By way of a single example, I am aware that, ironically, Captain Kirkland (the very same investigator who sustained allegations against me) asked to see a photo of former Sergeant Claudio's wife in yoga pants. No action was taken against him, with Chief Feldman claiming that the request to see a fellow officer's wife in a certain type of clothing was "subjective."

As a result of my termination caused by the actions of the NSBPD under color of law, I have been severely damaged in my future law enforcement career opportunities and have endured severe emotional anguish and distress. Due to these facts, I allege that I was subjected to discrimination by virtue of disparate treatment based on my sex/gender. As a result of my termination, I have been unable to find employment within law enforcement and face a severe hardship in resuming my career.

Based upon the foregoing, I was subjected to disparate treatment and my termination was merely a pretext for sex/gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"); as well as the Florida Civil Rights Act of 1992, ("FCRA"), §§ 760.01-760.11, Florida Statutes. I hereby request all legal and equitable relief to which I am entitled, including recovery of all my attorney's fees and costs.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State or Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 11 / 06 / 2024 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| ———————————  ———————————  Date                       *Charging Party Signature* | |

Print Form

Doc ID: 452ede7dd598b7ecb338317cfea1d91b557a0a72

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Hello |
| **File name** | Shuchardt_-_EEOC_...GW_11-5-24%29.pdf |
| **Document ID** | 452ede7dd598b7ecb338317cfea1d91b557a0a72 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested on wilsonmccoylaw.cliogrow.com and signed on wilsonmccoylaw.cliogrow.com

## Document History

**SENT**
**11 / 06 / 2024**
17:54:41 UTC
Sent for signature to Jessica Schuchardt (schuchardt.jessica@yahoo.com) from rlopez@wilsonmccoylaw.com
IP: 108.188.241.255

**VIEWED**
**11 / 06 / 2024**
18:17:29 UTC
Viewed by Jessica Schuchardt (schuchardt.jessica@yahoo.com)
IP: 172.56.79.233

**SIGNED**
**11 / 06 / 2024**
18:19:11 UTC
Signed by Jessica Schuchardt (schuchardt.jessica@yahoo.com)
IP: 172.56.79.233

**COMPLETED**
**11 / 06 / 2024**
18:19:11 UTC
The document has been completed.

Powered by **Dropbox** Sign

**EXHIBIT B**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Tampa Field Office**
501 East Polk St, Suite 1000
Tampa, FL 33602
(800) 669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

**To:** Jessica Schuchardt
Charge No: 510-2025-01340

EEOC Representative and email:    ASHLEY WALLER
Investigator
Ashley.Waller@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2025-01340.

On behalf of the Commission,

Digitally signed by Tamra
Schweiberger
Date: 2025.05.20 08:58:29 -04'00'

---

Tamra S. Schweiberger
Director

**Cc:**
Patricia M Chapman
Dean Ringers Morgan & Lawton, P.A.
PO BOX 2928
Orlando, FL 32802

Douglas T Noah Esq.
Dean, Ringers, Morgan & Lawton, P.A.
PO Box 2928
Orlando, FL 32802

Heather  Kidd
City of New Smyrna Beach
210 Sams Ave.
New Smyrna Beach, FL 32168

Gary Wilson Esq.
Wilson McCoy P.A
932 N. Maitland Ave.
Maitland, FL 32751


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2025-01340 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**<u>To make a Section 83 request for your charge file</u>**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2025-01340 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to
https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

## **VERIFICATION**

Personally appeared before the undersigned, JESSICA A. SCHUCHARDT, who being first duly sworn, deposes and says that the allegations of this Verified Complaint, consisting of paragraphs 1 through 112, inclusive, are true and correct to the best of his knowledge, information and belief.

JESSICA A. SCHUCHARDT

STATE OF FLORIDA)

COUNTY OF VOLUSIA)

The foregoing instrument was acknowledged before me this 16th day of ___July___, 2025, by Jessica A. Schuchardt, who is personally known to me or who has produced _____ as identification, and who did take an oath.

Notary Public

My Commission Expires: 6/23/27

Seal:

STACY NICOLE DEES
Notary Public
State of Florida
Comm# HH367896
Expires 6/23/2027

22